UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06CV-94-R

SAI KENTUCKY, LLC, et al.                                                                    PLAINTIFFS

v.

COOK'S, LLC, et al.                                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Bhogilal Patel's Motion to Dismiss (Docket #6). Plaintiffs have filed a response (Docket #20). This matter is now ripe for adjudication. For the reasons that follow, Defendant Bhogilal Patel's Motion to Dismiss is DENIED.

**BACKGROUND**

In early September 2004, Defendant Bhogilal Patel briefly entered the Commonwealth of Kentucky to investigate a potential business opportunity with his cousin and co-defendant Harshad Patel.[1] Upon arrival, SAI Kentucky, LLC was formed in anticipation of purchasing the Welcome Inn in Hopkinsville, Christian County, Kentcuky, which is the subject of this litigation.[2] Although the transaction was not consummated at that time, the Plaintiffs' Amended Complaint alleges that the Defendants formed a scheme to defraud the Plaintiffs by later involving Plaintiffs in the purchase of the Welcome Inn and saddling SAI Kentucky with a false debt in favor of Defendants. Plaintiffs state that this scheme included forging a sale and purchase agreement between Skyline Motel

---

[1] Defendant Bhogilal Patel is a resident of the State of Ohio.

[2] SAI Kentucky, LLC is a limited liability company duly organized under the laws of the Commonwealth of Kentucky.

Corporation and SAI Kentucky, LLC, and misrepresenting the purchase price of the subject property.

Plaintiffs claim that Defendant Harshad Patel falsely represented to them that the purchase of the Welcome Inn would include executing a promissory note to Cook's LLC, which Harshad Patel further misrepresented was an entity related to Skyline Motel Corporation, seller of the Welcome Inn. Plaintiffs indicate that they later discovered that Cook's, LLC was actually owned by Harshad Patel and Bhogilal Patel.[3] The Cook's, LLC promissory note and misrepresentation concerning the same is the cornerstone of Plaintiffs' claim for fraud.

In addition to numerous other claims asserted, the Plaintiffs have alleged a civil RICO claim and a civil conspiracy claim. The Plaintiffs allege that Bhogilal Patel and Harshad Patel acted in concert and pursuant to a common fraudulent scheme.

Plaintiffs commenced this action in the Christian Circuit Court of Kentucky January 13, 2006. Defendants removed the action to this Court on the basis of diversity jurisdiction on June 14, 2006. This case is now before the Court on Defendant Bhogilal Patel's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction.

## DISCUSSION

The plaintiff bears the burden of establishing jurisdiction. *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). Where, as here, there is no evidentiary hearing on the motion, the plaintiff need only make a prima facie showing of jurisdiction to avoid the motion to dismiss. *Id.* The court must consider the pleading and affidavits in a light most favorable to the

---

[3] Cook's, LLC is a limited liability company organized under the laws of the State of Tennessee.

non-moving party, and "cannot weigh the controverting assertions of the party seeking dismissal." *Tharo Sys. v. cab Produkttechnik GmbH & Co. KG*, No. 05-3876, 2006 U.S. App. LEXIS 21895 at *5-6 (6th Cir. Aug. 24, 2006) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991);*CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)), *cert. denied,* No. 06-734, 2007 U.S. LEXIS 135 (U.S. Jan. 8, 2007).

In a diversity action, the court must look to the law of the forum state to determine whether personal jurisdiction exists. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1782 (2006). "A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets the states's long-arm statute and constitutional due process requirements." *Id*. The court's exercise of jurisdiction comports with due process when the defendant has sufficient minimal contacts such that "traditional notions of fair play and substantial justice are not offended." *Id.* at 615-16 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Kentucky long-arm statute provides in pertinent part:

(2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

1. Transacting any business in this Commonwealth;

. . .

3. Causing tortious injury by an act or omission in this Commonwealth.

KRS § 454.210.

The Kentucky long-arm statute has been understood to reach the limit permitted by the Constitution, thus the single issue is whether the jurisdiction sought is within the requirements of due process. *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 542-43 (6th Cir. 1993).

The following criteria have historically been employed to determine if personal jurisdiction is appropriate:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *Theunissen*, 935 F.2d 1460).

Defendant Bhogilal Patel admits that he traveled to the Commonwealth of Kentucky to investigate a potential business opportunity and while there formed SAI Kentucky, LLC, in anticipation of purchasing the Welcome Inn in Hopkinsville, Christian County, Kentucky. Hence, Defendant Bhogilal Patel purposefully availed himself of the privilege of acting in the forum state.

The arising from requirement is satisfied if the cause of action is related to or connected with the Defendant's forum contacts. *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003). Plaintiffs' cause of action stems from fraud surrounding the purchase of the Welcome Inn. SAI Kentucky was formed by Bhogilal Patel and co-defendants in Kentucky under the laws of Kentucky in anticipation of the purchase of the Welcome Inn, also in Kentucky. This Court finds that Plaintiff's cause of action arises from Bhogilal Patel's activities in Kentucky. The Court also finds that these acts of Bhogilal Patel and their consequences have enough of a connection with Kentucky to make this Court's exercise of jurisdiction over him reasonable.

Therefore, this Court finds that it has personal jurisdiction over Bhogilal Patel pursuant to the Kentucky Long Arm Statute.[4]

---

[4] Having found that the Court has personal jurisdiction over Bhogilal Patel pursuant to the Kentucky Long Arm Statute, the Court finds it unnecessary to determine whether it would

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is DENIED.

An appropriate order shall issue.

---

also have personal jurisdiction pursuant to the conspiracy theory of personal jurisdiction.